Smith, *q. t., v.* Kinne.

ABIAL M. SMITH, *qui tam, v.* NATHAN KINNE, Jr.

In a *qui tam* action, brought to recover the penalty given by the statute for receiving a fraudulent conveyance, the plaintiff cannot recover without showing that the deed was made and received with a fraudulent intent, which existed in both parties. If the defendant received the deed in good faith, for the purpose of securing a debt due to him, he would not thereby subject himself to the penalty.

Where it was alleged in the declaration, in such case, that the defendant received the deed fraudulently, and it appeared that he had subsequently conveyed the land to a third person, at the request of the grantors, and the court instructed the jury, that, if the intent of the defendant in receiving the deed was not fraudulent, still if the intent of the grantors, in conveying to him, was fraudulent, and he was aware of that intent, his conveyance of the land to the third person shifted the burden of proof upon him, and rendered it necessary for him to prove that he executed that deed in good faith and with no fraudulent purpose, and that, upon the failure of such proof, he must be presumed to have conveyed away the land with intent to defraud the plaintiff, it was held, that the intent, with which the conveyance to the third person was made, was not within the issue, and that the instructions to the jury were erroneous.

THIS was an action to recover the penalty given by the statute for receiving a fraudulent conveyance. The plaintiff alleged in his declaration, that the defendant, on the fourth day of August, 1842, received a deed of certain land in Newport from Jesse H. Goodwin and Matthew E. Goodwin, with intent to defraud the plaintiff of debts due to him from Jesse H. Goodwin. Plea, the general issue, and trial by jury, June Term, 1844,—ROYCE, J., presiding.

On trial the plaintiff gave in evidence a warrantee deed of the land in question, from Jesse H. Goodwin and Matthew E. Goodwin to the defendant, dated August 4, 1842; a warrantee deed of the same land from Julia Wheelock to Jesse H. Goodwin and Matthew E. Goodwin, dated January 18, 1840; and a quit claim deed of the same land from the defendant to Julia Wheelock, dated November 4, 1842. The plaintiff then gave evidence tending to prove, that Jesse H. Goodwin and Matthew E. Goodwin, at the time of making the conveyance to the defendant, were in possession of the premises described in the declaration, claiming to own them in fee, that Jesse H. Goodwin was indebted to the plaintiff, that the defendant receiv-

Smith, *q. t.*, *v.* Kinne.

ed the said conveyance with intent to defraud the plaintiff of his debt, that the defendant justified the conveyance to be made for good consideration, and that he made the conveyance to Julia Wheelock with the like intent to defraud the plaintiff.

The defendant gave evidence tending to prove, that he received the conveyance for the purpose of securing a debt of about $25,00, due to him from Jesse H. Goodwin, that the deed to him was intended as a mortgage, that at the time of receiving it the defendant executed a writing of defeasance, that Jesse H. Goodwin subsequently paid the debt due from him to the defendant, and that the defendant afterwards, at the request of Jesse H. Goodwin, executed the conveyance to Julia Wheelock. The defendant also offered evidence tending to prove, that, at the time he executed the conveyance to Julia Wheelock, she had undertaken to become jointly holden with Jesse H. Goodwin to the plaintiff for the amount of the debt due to the plaintiff, and that the defendant consented to execute that deed, with the understanding that she was thus jointly holden ; but it appeared, that, during all this time Julia Wheelock was a married woman, and that this was well known to the defendant.

The defendant then offered to prove, that the title of Jesse H. Goodwin and Matthew E. Goodwin to the land in question was by virtue of a vendue deed, that the vendue was defective, and that the land was still claimed under the original proprietor. To this evidence the plaintiff objected ; and it was excluded by the court.

The court instructed the jury, that even if the defendant had not a fraudulent purpose in taking the deed from the Goodwins, such as would subject him to the penalty claimed in this action, still, if the intent of the Goodwins in conveying to him was fraudulent, and he was aware of that intent, by his conveying the land to Julia Wheelock the burden of proof became shifted, and it was incumbent upon him to prove that he executed the deed to her in good faith and with no fraudulent purpose, and that, on failure of such proof on the part of the defendant, he must be presumed to have conveyed away the land with intent to defraud the plaintiff. The jury were also instructed, that, if they returned a verdict for the plaintiff, it must be for the value of one half of the land conveyed,—that being the share which Jesse H. Goodwin owned therein.

Verdict for plaintiff. Exceptions by defendant.

*B. II. Smalley* and *S. B. Colby* for defendant.

The charge of the court is objectionable.

1. In order to render the defendant liable to the penalty, the conveyance from the Goodwins to him must have been fraudulent; and unless it was so, the defendant cannot be made liable for aliening the land to Julia Wheelock. But the charge places the case upon the ground, that the defendant is liable for aliening the land, though he may have received the conveyance from the Goodwins without any fraudulent intent. *Brooks* q. t. v. *Clayes et al.,* 10 Vt. 37. *Maux* q. t. v. *Howell et al.,* 4 East 1. 4 Bl. Com. 232.

2. The charge makes the mere fact of the defendant's conveying to Julia Wheelock *prima facie* evidence of a fraudulent intent; and on this charge, if the jury found, from the evidence, that the defendant received the deed from the Goodwins *bona fide,* and that he conveyed to Julia Wheelock, and there were no other evidence in the case, they would be bound to find the defendant guilty.

3. The plaintiff has not, in his declaration, charged the defendant with aliening the premises to Julia Wheelock with intent to defraud the plaintiff; and this point is not in issue by the pleadings,*

*Story* and *C. W. & H. Prentiss* for plaintiff.

The substance of the charge is, that if the defendant was privy to a fraudulent conveyance from the Goodwins, yet this would not be sufficient to make him liable for the penalty; but that, if he aliened the premises, the burden of proof was on him, to show that he did so with no fraudulent intent; and that, in the absence of explanation from the defendant, it would be presumed that he aliened with intent to avoid the plaintiff's right, &c. It would not seem, that this charge can afford any just ground of complaint to the defendant. The statute against fraudulent conveyances seems to contemplate two things on the part of the grantee to exist, in order that he should properly be fixed with the penalty;—1, That he should be *privy* to a fraudulent conveyance,—and 2, That he should, being privy thereto, justify the same to have been made, had, or executed, *bona*

---

*The counsel also argued the point as to the admissibility of the evidence excluded by the county court; but as the question was not decided, that portion of the argument is omitted.

*fide,* and upon good consideration, or should alien or assign such houses, lands, &c. The fact of aliening or assigning the premises seems to be equivalent to a justification, and to furnish an artificial rule of evidence, in the nature of an estoppel to the defendant. But it is not treated so by the court below, but more favorably to the defendant, inasmuch as the charge proceeds upon the ground of the right of the defendant to show that he aliened with an honest purpose.

The opinion of the court was delivered by

KELLOGG, J. Two exceptions were taken to the rulings of the court below, which have been argued by counsel in this court. The first, founded upon the decision of the court excluding the testimony offered by the defendant,—the second, upon the instructions given by the court to the jury. Upon the first question the court are not so fortunate as to be entirely agreed; and we therefore express no opinion upon that part of the case.

The court, in their charge to the jury, instructed them, "that, if the defendant had not a fraudulent intent in taking the deed, such as would subject him to the penalty claimed in the action, still, if the intent of the Goodwins in conveying to him was fraudulent, and he was aware of that intent, by conveying the same land to Julia Wheelock the burden of proof became shifted, and it was incumbent on the defendant to prove that he executed the deed to Julia Wheelock in good faith, and with no fraudulent purpose ; and that, upon failure of such proof, he must be presumed to have conveyed away the land with intent to defraud the plaintiff. This instruction, we think, was erroneous. It proceeds upon the ground that the conveyance by the defendant to Julia Wheelock, cast upon him the necessity of proving that the conveyance was made in good faith, and, upon failure of such proof, that the law raises a presumption, that he alienated the land to defraud the plaintiff, and thereby subjected himself to the penalty for taking a fraudulent conveyance. To this proposition we cannot accede.

In the first place, it is worthy of remark, that the gravamen of the plaintiff's complaint is, that the defendant fraudulently and corruptly *received the deed from the Goodwins,* to defraud the plaintiff; and the particular matter of the defendant's alienation of the land

to Julia Wheelock was not within the issue, which was made by the parties. It is not even averred, that this alienation of the land to Julia Wheelock was made with intent to defraud anyone. This alienation, at most, would only be evidence, that the defendant justified the conveyance made to him by the Goodwins, in *the manner* and *for the purpose* for which it was made. Nor did this alienation of the land to Julia Wheelock tend to prove, that the same was done to defraud creditors; and we cannot perceive how any such legal presumption arises upon the conveyance, as seems to have been supposed by the county court. *It did not, as we think,* shift the burden of proof, and impose upon the defendant the necessity of showing that the conveyance was *bona fide.* But it is a sufficient answer to this part of the case, that it was not within the issue.

If, then, the plaintiff is entitled to recover in the present case, it must be upon the ground, that the deed from the Goodwins to the defendant was made and received with a fraudulent intent, which existed in both parties; and this intent must be found by the jury. *Brooks* v. *Clayes et al.,* 10 Vt. 37. If, in fact, the defendant took the conveyance from the Goodwins in *good faith* for *the purpose* of *securing a debt due to him,* he had a lawful right so to do, and he would not thereby subject himself to the penalty for a fraudulent conveyance; and, in the judgment of the court, the case should have been so put to the jury. The charge, we think, was clearly erroneous.

The judgment of the county court is reversed.